ELIZABETH M. DEFELICE, ADMINISTRATRIX (ESTATE OF HAROLD L. DEFELICE) *v.* FORD MOTOR COMPANY ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 110473
AT NEW HAVEN

Memorandum filed May 9, 1969

*Cretella, Carboni & Cretella* and *Reilly & Peck*, both of New Haven, for the plaintiff.

*John C. Flanagan,* of New Haven, for the named defendant.

*Gormley & Gormley,* of New Haven, for the defendant Savelle Ford, Inc.

KLAU, J.  By substituted complaint dated April 9, 1968, and amended on September 17, 1968, the plaintiff alleges in four counts causes of action against the defendant Ford Motor Company, manufacturer, and the defendant Savelle Ford, Inc., dealer.  The first count of the complaint alleges a cause of action against Ford Motor Company based on strict liability, and the second count alleges a cause of action against Ford Motor Company based on negligence.  The third count of the complaint alleges a cause of action against the defendant Savelle Ford, Inc., based on strict liability, and the fourth count alleges a cause of action against said defendant in negligence.

The complaint in all counts alleges that on June 6, 1965, the plaintiff's decedent, an officer and employee of L. G. DeFelice and Son, Inc., was operating in the town of Hamden a new Ford custom 4-door sedan which had been sold on June 4, 1965, by the defendant Savelle Ford, Inc., to a leasing corporation which, in turn, had leased the same to the decedent's employer on June 6, 1965.  While operating the car, the decedent was involved in an intersection accident, being struck by a motor vehicle operated by a third party, as a result of which the decedent was immediately engulfed in flames

and received severe burns which resulted in his death.

The counts relating to strict liability in substance allege that the car was unsafe and unreasonably dangerous to its user in that it was improperly designed and in that its rear suspension arm attachment was defective or improperly constructed or improperly designed, its stabilizer rod was improperly placed on said motor vehicle and its gasoline tank was improperly constructed, supported or placed upon said motor vehicle so as to cause it to explode, shatter or otherwise puncture or break when involved in a collision, with resulting ignition of the gasoline contained therein: and that as a result of the aforementioned defects in the motor vehicle manufactured and sold by the defendants the plaintiff's decedent sustained extensive third-degree burns covering over 75 percent of his body surface, as a consequence of which he ultimately died.

The second and fourth counts set forth the same allegations but allege negligence in the manufacture and sale of an automobile in a defective condition.

The defendant Ford Motor Company filed a first special defense to the first count and a second special defense to the second count of said substituted complaint whereby it claims in each of said special defenses that the negligence of the plaintiff's decedent, hereinafter referred to as the plaintiff, was the proximate cause of his injuries and death. Each of the special defenses to the first and second counts is in exactly the same words and alleges that the proximate cause of the plaintiff's injuries and death was his own negligence in that he was operating said Ford automobile at a high, careless, reckless and improper rate of speed; in that he was operating said automobile at a rate of

speed that was excessive and unreasonable, having regard to the width, traffic and use of said highway; in that he failed to have said motor vehicle under reasonable and proper control; in that he failed to maintain a proper lookout for other motor vehicles lawfully upon said highway; in that he failed to grant to oncoming traffic one-half of the traveled portion of said highway; in that he failed to drive right in violation of the statute made and provided; in that he attempted to execute a left turn without signal of his intention to do so; in that he failed to grant the right of way to oncoming traffic; in that he failed to make seasonable application of his brakes; and in that he failed to drive in an established lane—all of which constituted abnormal use of said Ford automobile.

The defendant Savelle Ford, Inc., likewise filed a first special defense to the third count and a second special defense to the fourth count of said substituted complaint whereby it claimed in each of said special defenses that the negligence of the plaintiff was the proximate cause of his injuries and death. Each of the special defenses to the third and fourth counts is in exactly the same words as the special defenses of the defendant Ford Motor Company to the first and second counts set forth above.

With respect to the first and third counts of the substituted complaint, the plaintiff makes the essential allegations of a cause of action based on the theory of strict tort liability of a manufacturer, Ford Motor Company, and of a seller, Savelle Ford, Inc., of a product to an ultimate user or consumer. Said theory of strict tort liability was adopted by the Supreme Court of this state when it found itself in accord with the rule adopted in § 402 A of volume 2 of the Restatement (Second) of Torts. *Rossignol v. Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 559.

An action based on strict liability is to be distinguished from liability predicated on a breach of warranty or simple negligence. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* supra, 558. It is not based on fault. It is a doctrine developed to meet the exigencies of modern life. Liability is imposed, as a matter of public policy, upon a manufacturer or a seller who sells any product in a defective condition unreasonably dangerous to users, under certain specified conditions and certain circumstances.

The question arises whether ordinary acts of negligence in the operation of an automobile, without any allegation of knowledge of the existence of the defect on the part of the operator, or any act of recklessness on his part in its use, may constitute a defense. While the defendants have not, in their special defenses, used the words "contributory negligence," all of the allegations are acts of negligence of the plaintiff in the operation of the automobile, and the defenses may well be termed "contributory negligence" in its normal and usual sense. "Negligence consists in a failure to exercise due care, and to a nuisance grounded on negligence, contributory negligence is for that reason an appropriate defense. . . . Where, however, the essence of the wrong is conduct which is intentional, in the sense in which we have used that word, that conduct goes beyond a mere lack of proper care, and there is not the same balance of obligation between the duty of one person to guard another from an injury from such a lack and the duty of the other not to fail to exercise a like care in his own protection." *Beckwith* v. *Stratford,* 129 Conn. 506, 511. It is for that reason that in this state contributory negligence is not a defense to an action based on absolute nuisance, although it is a defense to an action of nuisance based on negligence. *Carabetta* v. *Meriden,* 145

Conn. 338, 340. Contributory negligence is not a defense to an action based on reckless misconduct. *Beckwith* v. *Stratford,* supra. Nor is contributory negligence a defense to an action for injuries arising from the use of an intrinsically dangerous instrumentality such as dynamite in blasting operations conducted by the defendant. *Starkel* v. *Edward Balf Co.,* 142 Conn. 336. In an action based on absolute nuisance or reckless misconduct or blasting operations, only wanton or intentional misconduct on the part of the plaintiff or wanton and reckless misconduct, or assumption of risk, in its real and subjective sense, could be a defense.

In deciding the *Rossignol* case, supra, 560, our Supreme Court accepted the concept of strict liability as set forth in § 402 A of the Restatement of Torts (Second), as follows: "In accepting the principles adopted by the American Law Institute as contained in the Restatement (Second) of Torts, we find ourselves in accord with the great majority of jurisdictions which have recently considered the problems arising out of products liability litigation." With respect to contributory negligence as a defense, it is interesting to see that comment n on § 402 A of the Restatement of Torts (Second) states: "Since the liability with which this Section deals is not based upon negligence of the seller, but is strict liability, the rule applied to strict liability cases (see § 524) applies. Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. On the other hand the form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user

or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."

While strict liability discards both privity and negligence, it does not prove the plaintiff's case. The doctrine of strict liability is not to be confused with the doctrine of res ipsa loquitur, which is merely a rule of evidence designed to aid the plaintiff in his proof of negligence. The burden of proof still remains on the plaintiff, however, to make out a case by a fair preponderance of the evidence as to three elements: (1) that plaintiff has been injured by the product; (2) that the injury occurred because the product was defective or unreasonably unsafe if unaccompanied by adequate warnings; and (3) that the defect or unreasonably dangerous condition existed when it left the hands of defendant, or it had within itself the seeds of failure or inchoate inadequacy when it left defendant's plant, to be manifested thereafter.

The burden still remains upon the plaintiff to prove that the defect was the proximate cause of his injuries. The special defenses of the defendants as to the first and third counts are an effort on their part to raise the issue of proximate cause so far as the plaintiff's injuries are concerned. This, of course, can be done under the general denial. Unquestionably, by their so-called defense of contributory negligence the defendants are not presuming to assume the entire burden of proof with respect to the issue of proximate cause. It is still the plaintiff's burden to prove that the defect was the proximate cause of his injuries and death.

The question whether contributory negligence is a defense to an action based on strict liability has been greatly confused by the problem of semantics,

some courts holding that contributory negligence in the broad sense may be used as a defense, among them the courts of New Jersey. *Cintrone* v. *Hertz Truck Leasing, Inc.*, 45 N.J. 434; *Maiorino* v. *Weco Products Co.*, 45 N.J. 570. While it may appear to be difficult to reconcile these cases, the opinion of Prosser is: "If the cases are examined, it readily appears that those which refuse to allow the defense have been cases to which the plaintiff negligently failed to discover the defect in the product, or to guard against the possibility of its existence. They are entirely consistent with the general rule that such negligence is not a defense to an action founded upon strict liability. Those which have permitted the defense all have been cases in which the plaintiff has discovered the defect and the danger, and has proceeded nevertheless to make use of the product. They represent the form of contributory negligence which consists of deliberately and unreasonably proceeding to encounter a known danger, and overlaps assumption of risk. They are quite consistent with the general rule that this is a defense to strict liability. There are only a few cases which have recognized the distinction; but it seems quite clear that it is made in fact." Prosser, Torts (3d Ed.), pp. 656–57. For a more complete discussion of the state of law on this subject, see note, 4 A.L.R.3d 501.

The allegations of the defendants' special defenses to the first and third counts of the plaintiff's complaint in no way, expressly or by inference, indicate that the plaintiff was in any way aware of the defect which he alleges was the cause of his injuries. There is nothing in the allegations of these special defenses from which an assumption of risk on the part of the plaintiff in the use of the car can be claimed. On the basis of the position taken by our courts on torts, other than those arising from ordinary negligence, it would appear that the allegations

of the defenses of these defendants to the first and third counts are insufficient to bar the plaintiff's cause of action stated in the first and third counts.

The plaintiff's demurrers to the special defenses filed by these defendants to the second and fourth counts of the substituted complaint are not well taken. These special defenses raise the issue of negligence on the part of the plaintiff as being the proximate cause of his injuries. Since the plaintiff administratrix based her causes of action in the second and fourth counts upon negligence of the manufacturer and the dealer, the concurrent negligence of the decedent, commonly called contributory negligence, may well be pleaded. The failure on the part of the decedent to use due care in the operation of the automobile may become a question of fact in determining the proximate cause of the injuries which he received and from which he died.

The plaintiff's demurrer to the special defense of the defendant Ford Motor Company to the second count is overruled. Likewise, the plaintiff's demurrer to the special defense of the defendant Savelle Ford, Inc., to the fourth count is overruled.

The plaintiff's demurrer to the special defense of the defendant Ford Motor Company to the first count of the substituted complaint is sustained, and likewise, the plaintiff's demurrer to the special defense of the defendant Savelle Ford, Inc., to the third count of the substituted complaint is sustained.