472 P.2d 986

D. V. ROGERS, Administrator of the Estate of Clarence L. Rogers, Plaintiff-Appellant,

v.

Victor L. THOMAS and Jack H. Thomas, Defendants-Appellees.

No. 425.

Court of Appeals of New Mexico.

July 10, 1970.

Turner W. Branch, Albuquerque, John R. Phillips, Farmington, for plaintiff-appellant.

Charles T. Hooker, Albuquerque, for defendants-appellees.

## OPINION

OMAN, Judge.

Plaintiff brought suit under our Wrongful Death Act [§§ 22–20–1 and 3, N.M.S.A.1953, and §§ 22–20–2 and 4, N.M.S.A. 1953 (Supp.1969)], for the alleged wrongful death of decedent, Clarence L. Rogers. From a judgment entered upon a jury verdict in favor of defendants, plaintiff appeals. Five separate points are relied upon for reversal, but we consider only one, which requires reversal and remand for a new trial.

Plaintiff urges, and we agree, that the trial court erred in refusing to give the following requested instruction to the jury:

"There was in force in the city at the time of the occurrence in question a certain ordinance which provided that:

"Section 53.3—FOLLOWING TOO CLOSELY

" 'The driver of a Motor Vehicle shall not follow another motor vehicle more closely than is reasonable and prudent, having due regard for the speed of

such vehicle, existing traffic conditions and the condition of the roadway.'

"If you find from the evidence that the defendant conducted himself in violation of this ordinance you are instructed that such conduct constituted negligence as a matter of law."

■■ It is not disputed that the ordinance was in force at the time of the collision out of which this cause arises and was properly before the court. This ordinance is substantially the same as § 64–18–17(a), N.M.S.A.1953 (Repl. 9, pt. 2). Defendants do not dispute plaintiff's position that a party to a suit is entitled to have the jury instructed on all correct legal theories of his case which are supported by substantial evidence. Stephens v. Dulaney, 78 N.M. 53, 428 P.2d 27 (1967). It is not disputed that the violation of this ordinance constitutes negligence per se, or as a matter of law. McKeough v. Ryan, 79 N.M. 520, 455 P.2d 585 (1968); Fitzgerald v. Valdez, 77 N.M. 769, 427 F.2d 655 (1967). Nor is there any question raised as to the correctness of the form of the instruction.

However, defendants contend the evidence was insufficient to warrant giving the instruction. With this we disagree.

■ There was evidence that defendant driver followed a Pontiac automobile for a considerable distance on the north-south freeway through Albuquerque. They were travelling in the middle lane of the three lanes for southbound traffic, as was the vehicle in which decedent was riding as a passenger. Defendants' vehicle was so close behind the Pontiac that, when the Pontiac swerved to go around the vehicle in which decedent was riding, defendant driver was unable to pass around or slow up sufficiently to avoid running into the rear of the other vehicle, thereby causing the collision and the injuries to decedent from which he allegedly died. There was evidence that the vehicle in which decedent was riding was proceeding at a speed of from 40 to 50 miles per hour and defend-ants' vehicle at a speed of 60 miles per hour.

The defendant driver testified that the presence of vehicles on either side of his automobile prevented him from turning to the right or left to avoid the collision. However, even if this testimony be accepted as true, this did not eliminate the question of fact as to whether defendants' vehicle was following too closely behind the Pontiac or the vehicle with which the collision occurred.

There was also testimony in conflict with that of defendant driver from which the jury could have found he was not following a Pontiac automobile prior to the collision, and was not prevented from changing lanes by vehicles on either side of his automobile, but was following too closely the vehicle in which decedent was riding.

The judgment must be reversed and the cause remanded for a new trial.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.