SAYLES v. LILAK & MOORE, INC.

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—FAILURE TO OBJECT—SCOPE OF REVIEW—MANIFEST INJUSTICE.

An appellate court in order to prevent manifest injustice, can consider an instruction to the jury which errs with respect to a basic and controlling issue, even though timely objection was not made in the trial court; this discretion will be exercised sparingly (GCR 1963, 516).

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—CONTRIBUTORY NEGLIGENCE—FAILURE TO OBJECT—SCOPE OF REVIEW—MANIFEST INJUSTICE.

Instructions to the jury left the inference that the plaintiff had the burden of proving his freedom from contributory negligence in a case in which contributory negligence was a controlling issue was held by the appellate court to constitute reversible error, even though the plaintiff had not timely objected to the instructions (GCR 1963, 516).

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS TO JURY—COURT'S DUTY.

A trial judge has the duty to instruct the jury *sua sponte* on the burden of proving contributory negligence in a case where contributory negligence is a controlling issue.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  53 Am Jur, Trial § 824 *et seq.*
    5 Am Jur 2d, Appeal and Error §§ 623, 891.
[3]  53 Am Jur, Trial § 649.

Appeal from Charlevoix, Charles L. Brown, J. Submitted Division 3 March 3, 1971, at Grand Rapids. (Docket No. 9854.) Decided April 23, 1971. Leave to appeal denied, 385 Mich 764.

Complaint by Everett K. Sayles against Lilak & Moore, Inc., for personal injury caused by the negligent operation of a bulldozer. Judgment for defendant. Plaintiff appeals. Reversed.

*Sinas, Dramis, Brake & Turner, P. C.,* for plaintiff.

*Clare L. Gillett,* for defendant.

Before: FITZGERALD, P. J., and HOLBROOK and BRONSON, JJ.

BRONSON, J. This appeal arises out of an accident which occurred on April 29, 1967. Plaintiff had hired defendant, an excavating contractor, to do certain grading and excavating on the plaintiff's property. Defendant's employee, Donald E. Bergman, was operating a bulldozer for the purpose of removing trees from the plaintiff's property. While the bulldozer operator was pushing on the bottom end of one of the fallen trees, the top end pivoted in the opposite direction and struck plaintiff, breaking one of plaintiff's legs.

The issues raised at trial related to the alleged negligence of defendant's employee as well as to the alleged contributory negligence of the plaintiff. At the close of the parties' proofs, defendant moved for a directed verdict, alleging plaintiff's contributory negligence as a matter of law. The trial judge reserved decision on defendant's motion and submitted the case to the jury. The jury returned a verdict of no cause for action. Plaintiff appeals as of

right from the trial court's denial of plaintiff's motion for new trial.

On appeal plaintiff alleges that the trial judge committed numerous errors in his charge to the jury. Only one alleged instructional error need be considered. The record discloses that the trial court failed to instruct the jury that defendant has the burden of proof in attempting to establish plaintiff's contributory negligence. A review of the trial court's instructions leaves the inference that the plaintiff must establish that he was free from contributory negligence.

Although plaintiff's failure to request the instruction on burden of proof and failure to properly object as required by GCR 1963, 516 would usually preclude consideration on appeal, we shall, under these circumstances, consider the issue to prevent a manifest injustice. As the Michigan Supreme Court stated in *Hunt* v. *Deming* (1965), 375 Mich 581, 585:

"This is not to say that this Court may not, in unusual circumstances, and to prevent manifest injustice, take note of instructions which err with respect to basic and controlling issues in a case even though objection thereto was not made before the jury retired.  *  *  *  It is to say, however, that the Court will exercise its discretion in this fashion but sparingly."

In the instant case, one of the controlling issues related to the allegation of plaintiff's contributory negligence. Under Michigan law, the defendant has the burden of proving the plaintiff's contributory negligence. We hold that, in view of the evidence presented, the trial judge had the duty, even absent request, to so instruct the jury.

Reversed and remanded.  Costs to plaintiff.

All concurred.