494 P.2d 185

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Ernest MONTANO, Defendant-Appellant.**

**No. 761.**

Court of Appeals of New Mexico.

Feb. 4, 1972.

Wycliffe V. Butler, Butler & Colberg, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Sante Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of burglary defendant appeals. We reverse on defendant's third point regarding an insanity instruction.

During the course of the trial a psychiatrist testified that defendant " * * * gave a history of being mentally ill. * * * I would have considered him [defendant] mentally ill then [at the time of the criminal act]" and defendant " * * * would not have been able to distinguish right from wrong. * * *"

The defendant's tendered but refused insanity instruction stated in part:

"Insanity, as the word is used in these Instructions, means such a diseased or deranged condition of the mental faculties of a person as to render that person incapable of knowing the nature and quality of his act, or of distinguishing between right and wrong in relation to the act with which he is charged, or of such character as to deprive one of the powers of his will which would enable him to prevent himself from committing the act even though he might know the nature and quality of the act and that it is wrong."

The trial court instructed the jury on the insanity issue as follows:

"You must find the defendant, Ernest Montano, not guilty if you find that his act of entering the structure was the product of insanity.

"You are instructed that insanity means a true disease of the mind, normally extending over a considerable period of time, as distinguished from a sort of momentary insanity arising from the pressure of circumstances."

The State does not argue that the trial court's instruction was correct nor does it argue that the defendant's requested instruction was erroneous. See State v. James, 83 N.M. 263, 490 P.2d 1236 (Ct.App.1971) and cases cited therein for discussion of insanity. The State argues that State v. Flowers, 83 N.M. 113, 489 P.2d 178 (1971) and State v. Compton, 57 N.M. 227, 257 P.2d 915 (1953) apply. The State asserts that since defendant did not point out the error in the court's instruction which purportedly defined insanity, defendant cannot now complain even though he did submit a correct instruction. *Compton* and *Flowers* are not applicable.

■■ Here, the court's instruction failed to cover the elements of insanity. State v. James, supra. Defendant's requested instruction contained those elements. By the submission of a proper instruction the defendant alerted the trial court to the omission in its instruction. See State v. Rodriguez, 81 N.M. 503, 469 P.2d 148 (1970). The matter was preserved for review. Section 21–1–1 (51) (2) (h), N. M.S.A.1953 (Repl.Vol.1970).

The trial court's failure to instruct on the elements of insanity being erroneous, the case is reversed with directions to grant defendant a new trial.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.