540 P.2d 835

**Dwaine BENDORF, Plaintiff-Appellant,**

v.

**VOLKSWAGENWERK AKTIENGESEL-ISCHAFT, Defendant-Appellee.**

**No. 1651.**

Court of Appeals of New Mexico.
Aug. 6, 1975.
Rehearing Denied Aug. 22, 1975.
Certiorari Denied Sept. 23, 1975.

Lorenzo A. Chavez, James H. Foley, Albuquerque, for plaintiff-appellant.

John A. Klecan, Klecan & Roach, P. A., Albuquerque, for defendant-appellee.

## OPINION

HENDLEY, Judge.

Plaintiff sued defendant, the manufacturer of plaintiff's automobile, for injuries sustained in an automobile accident. Plaintiff's automobile went through a red light and collided with an automobile that had entered the intersection in accordance with the traffic signals from a direction perpendicular to plaintiff's direction of travel. Plaintiff claimed that the collision occurred because of a defect in the seat assembly of his automobile, which caused him to lose control of his car. Plaintiff alleged and introduced proof of the following facts: (1) As he approached the intersection and saw the light change to yellow, he applied his brakes in preparation of stopping for the anticipated red light. (2) When he did this, the seat mechanism slipped, causing the seat to shoot forward. (3) The forward movement of the seat caused his foot to slide off the brake pedal, which resulted in his running the red light and colliding with the other vehicle. Plaintiff ultimately rested his claim on the theory of strict liability of the manufacturer of a defective product as set forth in Restatement, Torts 2d, § 402(A) (1965), at 347–48.

Defendant presented two theories of the case to the jury. It denied that the auto seat assembly was defective and alternatively claimed that even if it was defective, the defect was not the proximate cause of the collision. Defendant alleged and introduced proof of the following facts: (1) As plaintiff approached the intersection, his son, who was seated on the passenger side of the vehicle, had fallen from the passenger seat onto the floor of the car. (2) Plaintiff was attending to his son and did not see the traffic light change color. (3) For this reason, he did not apply his brakes in time to stop for the light, causing him to collide with the oncoming vehicle in the intersection. In other words, defendant's contention was that the proximate cause of the collision was plaintiff's inattentive driving.

The trial court instructed the jury that:

"The plaintiff claims that he sustained damages and that the proximate cause thereof was one or more of the following acts:

"* * * [A]s he was driving across I–40 traffic conditions made it necessary for him to apply the brakes as would be expected under the then existing conditions and as he did so, the seat began to move causing plaintiff to lose control of his car and collide with another car, * * *.

"* * *

"* * * [T]he defendant asserts the following affirmative defense:

"The plaintiff was contributorily negligent in that:

"1. Plaintiff failed to keep a proper lookout * * *.

"2. That the plaintiff failed to yield the right of way * * *.

"3. That the plaintiff failed to stop in obedience to the traffic signals * * *.

"4. That the plaintiff failed to keep his car under proper control * * *.

"If you find that plaintiff has proved those claims required of him and that defendant's affirmative defense has not been proved, then your verdict should be for the plaintiff.

"If on the other hand, you find that any one of the claims required to be proved by plaintiff has not been proved or that defendant's affirmative defense

has been proved, then your verdict should be for the defendant." [Trial Court's Instruction 1]

In addition, the trial court gave ten other challenged instructions which attempted to elucidate the concepts of negligence, contributory negligence, the duty to use ordinary care and the duty to keep a proper lookout and control over one's own car. Included in these instructions was one to the effect the failure to stop in accordance with traffic signals was contributory negligence as a matter of law and another to the effect that contributory negligence meant negligence on the part of the plaintiff that proximately contributed to cause his damages.

The jury returned a verdict for the defendant. Plaintiff appeals contending that the trial court erred in instructing the jury on contributory negligence because ordinary negligence on the part of the plaintiff is not a permissible defense to a § 402(A) liability cause of action. Incorporated in this contention is an allegation that the trial court's instructions bound the jury to find for the defendant without regard to what caused the accident. Causation was one of the most closely contested issues in the lawsuit. Defendant responds that it is entitled to have the jury instructed on its theory of the case, and that the disputed instructions on contributory negligence were thus necessary to apprise the jury of defendant's theory. While we agree with the defendant that it was entitled to instructions on its theory, we also agree with the plaintiff that under the instructions as given, the jury could have found that regardless of a defect which (set into motion the chain of events) which caused the collision, plaintiff drove negligently; and although such negligence was caused by the defect, he was barred from recovery. We accordingly reverse and remand for a new trial.

The plaintiff's brief primarily addresses itself to the proposition that is set forth in Comment (n) to § 402(A) of the Restatement of Torts 2d, *supra*:

" * * * [T]he liability with which this Section deals is not based upon negligence of the seller, but is strict liability * * *. Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. On the other hand the form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."

The plaintiff thus argues that the only allowable negligence defense in a § 402(A) cause of action is that form of contributory negligence contained in Restatement, Torts 2d, *supra*, § 466(a)—an intentional, unreasonable exposure to a known danger. Plaintiff tendered to the trial court an instruction in accordance with Comment (n), *supra*.

New Mexico has recognized the theory of a manufacturer's strict liability under § 402(A) since *Stang v. Hertz Corporation*, 83 N.M. 730, 497 P.2d 732 (1972). However, the issue of proper defenses to a § 402(A) case is one of first impression here. Justice Oman alluded to the confusion in the area of available defenses to § 402(A) cases in *Garrett v. Nissen Corporation*, 84 N.M. 16, 498 P.2d 1359 (1972) and explicitly refrained from judgment thereon.

In this appeal, the respective positions of the parties and the choice of cases cited in support thereof have done little to clarify the matter. Two problems are immediately apparent: (1) Comment (n), *supra*, does not purport to be an exhaustive catalogue of all possible defenses grounded in plaintiff's negligent conduct to § 402(A) causes of action and (2) defendant's theory of the

case, or its defense, is not properly denominated an affirmative defense; rather it amounts to a denial of one element of the plaintiff's case, viz. causation. Defendant's theory thus involves a suggestion of an alternative to the plaintiff's allegation of proximate causation. In addressing ourselves to the reasons for reversing the instant case, it is necessary to understand what this case is *not*. We here set out a brief catalogue of possible negligent conduct on the part of the plaintiff that may or may not bar recovery in a § 402(A) case to that end.

We stress, however, that an affirmative defense is that state of facts provable by defendant which will bar plaintiff's recovery once plaintiff's right to recover is otherwise established. It is a "descendant of the common law plea in 'confession and avoidance,' which permitted a defendant who was willing to admit that plaintiff's declaration [or proof] demonstrated a prima facie case to then go on and allege [or prove] additional new material that would defeat plaintiff's otherwise valid cause of action." 5 Wright and Miller, Federal Practice and Procedure, § 1270 (1969). In the field of products liability, or § 402(A), litigation, courts have generally recognized three types of plaintiff conduct that should be considered as possible bars to recovery once plaintiff's right to recover is otherwise established. See Annot., 46 A.L.R. 240 (1972).

The first of these is a negligent failure to discover the defective condition of defendant's product, or to guard against the possibility of its existence. This defense, if available to a manufacturer, would defeat plaintiff's recovery in spite of the fact that plaintiff is able to establish a prima facie case under Restatement, Torts 2d, § 402(A). It would be an affirmative defense in the sense that it avoids a liability otherwise established. However, many jurisdictions throughout the country have removed this defense from the manufacturer's arsenal when the plaintiff pleads under a special liability theory. Restatement,

Torts 2d, § 402(A), Comment (n), *supra*; *Williams v. Ford Motor Company*, 454 S. W.2d 611 (Mo.App.1970); *Devaney v. Sarno*, 125 N.J.Super. 414, 311 A.2d 208 (A.D.1973); *Ford Motor Company v. Henderson*, 500 S.W.2d 709 (Tex.Civ.App. 1973); Annot., 46 A.L.R.3d 240 (1972); Annot., 13 A.L.R.3d 1057 (1969). We note pursuant to our desire to make clear what this case is not about, that defendant herein neither alleged nor attempted to prove that the plaintiff negligently failed to discover the defect.

■ However, we do point out that the underlying purpose for adoption of products liability pursuant to § 402(A), *supra*, militates in our view against recognition of such a defense, and that unless some future fact pattern should demonstrate a contrary necessity, we are inclined to adopt that view set forth in Comment (n) of § 402(A), *supra*.

■ The second possible defense bars recovery in products liability actions when plaintiff discovers the defect and is aware of the danger but nevertheless unreasonably makes use of the product. See Restatement, Torts 2d, § 466(a), *supra*; *Williamson v. Smith*, 83 N.M. 336, 491 P.2d 1147 (1971). This, too, is an affirmative defense as it would avoid liability even though plaintiff has already established a right to recover. Courts have generally held that this type of plaintiff conduct is available to a manufacturer as a defense in a § 402(A) case. Comment (n), *supra*; *DeFelice v. Ford Motor Company*, 28 Conn.Sup. 164, 255 A.2d 636 (1969); *Williams v. Ford Motor Company, supra; Devaney v. Sarno, supra; Ford Motor Company v. Henderson, supra*; Annot., 46 A. L.R.3d, *supra*; Annot., 13 A.L.R.3d, *supra*. In the case before us the record indicates some evidence that plaintiff had once previously experienced the unexpected slipping forward of the seat. Defendant, at trial, did not attempt to capitalize on this defense, but rather concentrated its efforts on the denial of any defect and the denial of proximate causation. Plaintiff raises

the applicability of this defense in its effort to demonstrate that it is the only available defense under Comment (n), supra. It will become apparent that there are other available defenses to § 402(A) cases than those mentioned in Comment (n), *supra*. Since it is necessary to the disposition of the instant case, we hold that if upon retrial, the defense of unreasonably encountering a known danger becomes an issue, it would properly be an affirmative defense available to the manufacturer. That is to say, it would, bar plaintiff's recovery even if plaintiff established a prima facie case which defendant does not deny.

The third type of plaintiff conduct that constitutes an affirmative defense is misuse of the product that proximately contributes to the injuries. This defense is not mentioned in Comment (n), supra. Yet, its availability is one of the most hotly debated issues in products liability litigation today. Again, as with the previous two defenses, this defense may be denominated as an affirmative defense since it bars recovery even when the plaintiff has proved a defect and that the defect proximately caused the claimed injuries. There is much confusion as to whether and when product misuse which contributes to the injuries will be available as a defense. See e.g. *Nanda v. Ford Motor Company*, 509 F.2d 213 (7th Cir. 1974) [Misuse is unavailable as a defense if product subjects users to an unreasonable risk of injury in situations that are not highly extraordinary. Auto accidents are not highly extraordinary and the passenger compartment being unshielded from the fuel tank created an unreasonable risk of injury—held: misuse unavailable as a defense.]; *Larsen v. General Motors Corporation*, 391 F.2d 495 (8th Cir. 1968) [Misuse available as a defense only if misuse is unforeseeable. Auto accidents are foreseeable—held: manufacturer liable for design defect in placement of steering column such that upon head-on collision, steering shaft acted as a spear aimed directly at driver's head.];

*Evans v. General Motors Corporation*, 359 F.2d 822 (7th Cir. 1966), cert. denied, 385 U.S. 836, 87 S.Ct. 83, 17 L.Ed.2d 70 (1966) [The claim was that an "X" body frame without perimeter support, instead of a safer perimeter body frame, was responsible for the death of the user of an auto who was in an accident. Held: misuse available as a defense; a manufacturer is under no duty to make a crashworthy automobile since collisions with other objects are not among the intended uses of a car despite their foreseeability.]; *Culpepper v. Volkswagen of America, Inc.*, 33 Cal.App. 3d 510, 109 Cal.Rptr. 110 (Ct.App. 4th Dist.1973) [Foreseeable misuse will not bar recovery. High speed freeway lane changes are foreseeable. The alleged defect was the car's instability in such situations —held: misuse unavailable as a defense.]

However, in this case, we need not enter the quagmire since neither party has argued that this is a "crashworthiness" (See *Evans, supra*) or "second collision" (See *Larsen, supra*) case. Nor on the record before us can it be considered as one where plaintiff's misuse put the defect into operation (See *Culpepper, supra*). In such cases, plaintiff's proof has shown that the defect itself directly caused or at least exacerbated the injuries. In the instant case, plaintiff has introduced nothing tending to show that the defective seat caused his injuries. His showing was that the defect caused the accident. Plaintiff's doctor testified that plaintiff sustained injury to his spinal cord through some type of stress, impact or force occurring as a result of the accident. However, the doctor testified he had no way of knowing what the impact mechanism was. Had the doctor attributed plaintiff's injuries directly to the peculiar positioning of plaintiff due to the slippage of the seat, we would be obliged to decide whether plaintiff's claim could be barred by the affirmative defense of misuse. Defendant herein alleged plaintiff's negligence not as an affirmative defense but rather as a denial of causation. Thus, our question on appeal is whether the trial

court's styling of defendant's denial of causation as an affirmative defense was error.

▮ Referring back to the trial court's instruction No. 1, *supra,* the last paragraph thereof told the jury to find for the defendant if *either* plaintiff had not proved his case *or* if defendant had proved that plaintiff drove negligently. This would have been a correct instruction if defendant's theory of the case had been a true affirmative defense. In such a case, plaintiff's establishment of a right of recovery would be irrelevant so long as defendant proved its affirmative defense. Consequently, an instruction couched in the disjunctive would be a correct one. However, the jury was incorrectly instructed that plaintiff's negligent driving was contributory negligence, an affirmative defense, and, therefore, that a finding that plaintiff drove negligently required a verdict for the defendant regardless of its findings as to proximate cause. Under instruction No. 1, *supra,* there is no way to know whether the verdict for defendant was based on a finding that plaintiff's negligent driving had proximately caused the collision or a finding that, regardless of the cause of the collision, plaintiff had driven negligently and was therefore barred from recovery. Since defendant's defense should only have prevailed if plaintiff's negligent driving had caused the accident and the court's instruction allowed it to prevail regardless of the cause of the accident, plaintiff is entitled to a new trial.

Upon retrial, defendant is of course entitled to instructions on its theory of the case. *Hill v. Burnworth,* 85 N.M. 615, 514 P.2d 1312 (Ct.App.1973); *Rogers v. Thomas,* 81 N.M. 723, 472 P.2d 986 (Ct. App. 1970). We suggest that defendant's version of the facts be stated immediately after the trial court instructs that defendant denies all the plaintiff's claims and before it instructs as to affirmative defenses, if any. We stress that, in the case at bar, defendant's theory of the case should be stated in terms of causation and not in terms of negligence or contributory negligence. That is not to say that use of such words would be error, a question we reserve for decision at a later date. It is simply that, when the issue is causation in that *either* plaintiff's conduct *or* the product defect caused the injuries, questions of negligence are irrelevant.

Reversed and remanded.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., specially concurs.

SUTIN, Judge (specially concurring).

I concur in the result.

Plaintiff sued defendant, the manufacturer of plaintiff's automobile, for injuries sustained by plaintiff in an automobile collision with a third party. Plaintiff appeals from a judgment for defendant.

A. *Position of the Parties on Strict Tort Liability*

Plaintiff claimed that the collision occurred because of a defect in the seat assembly of the automobile, which defect caused him to lose control of the car. The defendant denied this claim but it also asserted an *affirmative defense* of conventional contributory negligence in the operation of the car. The position of the parties on the facts and the law applicable thereto is set forth in the instructions to the jury, *infra.*

Plaintiff submitted his claim to the jury on a theory of strict products liability as set forth in Restatement, Torts 2d § 402A (1965) at 347–48.

The critical issue is whether conventional contributory negligence in the operation of a motor vehicle is an *affirmative defense* to the manufacturer of the motor vehicle. It is not available as an *affirmative defense.*

This issue is a matter of first impression in New Mexico. All there is to date is the following comment in *Garrett v. Nissen*

*Corporation,* 84 N.M. 16, 21, 498 P.2d 1359, 1364 (1972):

> We need not in the present case contribute to the confusion as to whether the defenses of contributory negligence and assumption of risk are available to a defendant under "strict tort liability," * * *.

It is only three years since New Mexico adopted the theory of a manufacturer's liability under Section 402A. *Stang v. Hertz Corporation,* 83 N.M. 730, 497 P.2d 732 (1972). Until this Court's recent opinion in *First National Bank in Albuquerque v. Nor-Am Agricultural Products, Inc.,* (N.M. Ct.App.) 537 P.2d 682, decided April 30, 1975, there was little in the law to indicate how far that liability extends. See *Stang v. Hertz Corporation, supra; Standhardt v. Flintkote Company,* 84 N.M. 796, 508 P. 2d 1283 (1973); *Garrett v. Nissen Corporation,* 84 N.M. 16, 498 P.2d 1359 (1972); *Sutton v. Chevron Oil Company,* 85 N.M. 604, 514 P.2d 1301 (Ct.App.1973) aff'd, 85 N.M. 679, 515 P.2d 1283 (1973). In *First National Bank v. Nor-Am, supra,* this Court, in an unanimous opinion, explained the parameters of Section 402A liability in New Mexico, and outlined the policy reasons behind its adoption.

There has been, as yet, no statement in our law to indicate the defenses that are available to a manufacturer defending against a Section 402A liability cause of action.

### (1) *Plaintiff's claim*

The court instructed the jury on plaintiff's claim as follows:

> The plaintiff claims that he sustained damages and that *the proximate cause* thereof was one or more of the following acts:
>
> That in designing, constructing and assembling the 1964 Volkswagen, it was so designed, constructed and assembled, that the front seat when used by the driver in the usual type of traffic, would move and on occasions become separated, interfering with the safe operation of the vehicle; that on the 17th day of February, 1969, the plaintiff was driving a 1964 Volkswagen in a northerly direction on San Mateo, N.E. and as he was driving across I–40 traffic conditions made it necessary for him to apply the brakes as would be expected under the then existing conditions and as he did so, *the seat began to move causing plaintiff to lose control of his car* and collide with another car which resulted in injuries * * *. (Emphasis added)

Plaintiff's claim is that the proximate cause of the collision was the defect which caused him to lose control of his car. He does *not* claim that the defect was the proximate cause of his injuries. This claim is known as the "second collision" theory in which the defect caused the body of the passenger to collide with the interior part of the automobile. *Larsen v. General Motors Corporation,* 391 F.2d 495 (8th Cir. 1968); *Arbet v. Gussarson,* 225 N.W. 2d 431 (Wis.1975); *Nanda v. Ford Motor Co.,* 509 F.2d 213 (7th Cir. 1974).

### (2) *Defendant's defense*

After stating the plaintiff's claim, the court instructed the jury on defendant's defense as follows:

> The defendant denies all the plaintiff's claims and in particular, that any defect existed in the Volkswagen at the time of its manufacture and further that it is incumbent upon the plaintiff to properly use the product.

Up to this point, the defendant denied that the proximate cause of the collision was the defect which caused plaintiff to lose control of his car. This is a good defense.

However, the trial court further instructed the jury:

> In addition, the defendant asserts the following *affirmative defense*: That plaintiff was contributorily negligent in that:
>
> (1) Plaintiff failed to keep a proper lookout for traffic signals and approaching vehicles.

(2) * * * [P]laintiff failed to yield the right of way at the intersection to the Mustang driven by Mr. Torres.

(3) * * * [P]laintiff failed to stop in obedience to the traffic signals which were operating at the intersection.

(4) * * * [P]laintiff failed to keep his car under proper control as he approached the intersection when he knew there were traffic signals in operation. (Emphasis added)

(3) *Conclusion of instruction*

The instruction concludes as follows:

The defendant has the burden of proving the affirmative defense.

If you find that plaintiff has proved those claims required of him and that defendant's *affirmative defense* has not been proved, then your verdict should be for the plaintiff.

If on the other hand, you find that any one of the claims required to be proved by plaintiff has not been proved *or that defendant's affirmative defense has been proved, then your verdict should be for the defendant.* (Emphasis added)

This affirmative defense is conventional contributory negligence.

B. *The Error of This Instruction was Preserved for Review*

Defendant contends that plaintiff did not object to that portion of the instruction relating to the affirmative defense and therefore "the law of the case is that contributory negligence is a proper defense." Plaintiff did, however, properly object to *nine other instructions* applicable to the defense of conventional contributory negligence. The instructions objected to included two instructions on "proper lookout", one which included "proper control", and the violation of a traffic statute on traffic signals. These objections covered the affirmative defense.

The plaintiff also tendered a proper instruction on contributory negligence in the

form of assumption of risk which the trial court refused.

By his objections, plaintiff alerted the trial court to the error involved. The objections stated on the above instruction included:

* * * Negligence is not an issue in a strict liability case, and the only time that negligence can be considered in a strict liability case is when it involves assumption or [sic] risk on the part of a plaintiff. That assumption of risk consisting of assuming the risk of the defect of the product. In other words, assumption of risk in a secondary sense as the term is ordinarily used.

* * * * * *

* * * Plaintiff has requested an instruction correctly stating the law of contributory negligence in a products liability case, and in particular, an instruction in accord with Comment "N" Section 402–A of Restatement of Torts.

We recognize that "For preservation of any error in the charge, objection must be made, to any instruction given, whether in U.J.I. or not; * * *" § 21–1–1(51)(1) (i), N.M.S.A.1953 (Repl. Vol. 4). *Williams v. Vandenhoven,* 82 N.M. 352, 482 P.2d 55 (1971). The purpose of this rule was stated long ago in *State v. Compton,* 57 N.M. 227, 236, 257 P.2d 915, 921 (1953):

* * * [W]here the court has instructed erroneously on the subject, although a correct instruction has been tendered on the point, if it leaves it doubtful whether the trial judge's mind was actually alerted thereby to the defect sought to be corrected by the requested instruction, the error is not preserved unless, in addition, the specific vice in the instruction given is pointed out to the trial court by proper objection thereto.

This language was followed in *Lucero v. Torres,* 67 N.M. 10, 350 P.2d 1028 (1960); *Beal v. Southern Union Gas Co.,* 66 N.M.

424, 349 P.2d 337 (1960); *State v. Henderson,* 81 N.M. 270, 466 P.2d 116 (Ct.App. 1970).

We have no doubt that the trial judge's mind was alerted to the defect in the instruction which the plaintiff wanted to correct. By the submission of a proper instruction the plaintiff alerted the trial court to the defect. *State v. Montano,* 83 N.M. 523, 494 P.2d 185 (Ct.App.1972). The continuous objections to instructions on the defense, conventional contributory negligence of the plaintiff also alerted the mind of the court.

A manifest injustice occurred. The jury could have found for defendant solely on the ground that plaintiff failed to keep a proper lookout, regardless of the defect in the automobile. The defect in the automobile was the controlling issue in plaintiff's case. To prevent a manifest injustice, we may take note of the error in the instruction. *Sayles v. Lilak & Moore, Inc.,* 32 Mich.App. 721, 189 N.W.2d 118 (1971). "This is the most important single instruction in the lawsuit, and court and counsel should give particular attention to it." U. J.I. 3.1, Directions for Use.

The court's instruction on conventional contributory negligence is preserved for review.

C. *The majority opinion does grievous error in analysis of law.*

The majority opinion states:

Defendant herein alleged plaintiff's negligence *not as an affirmative defense but rather as a denial of causation.* Thus, our question on appeal is whether the trial court's styling of defendant's denial of causation as an affirmative defense was error. [Emphasis added]

*First,* defendant asserted plaintiff's negligence as an affirmative defense; that "defendant has the burden of proving the affirmative defense"; that if the "defendant's affirmative defense has been proved, then your verdict should be for the defendant."

*Second,* the majority opinion explicitly refrains from deciding one of defendant's theories of the case, to wit: *That plaintiff misused the automobile by driving negligently and that this negligent driving is a form of contributory negligence which bars plaintiff's recovery.*

The validity of the italicized theory presents the determinative question on this appeal.

The erroneous assumption of the majority is that the evidence introduced at trial as to plaintiff's negligent driving is relevant only to a denial of proximate cause by defendant's defective vehicle, but not to the affirmative defense of contributory negligence. Defendant's evidence of plaintiff's negligent driving was introduced, not only as a denial of causation, but that evidence was relevant also to defendant's theory of contributory negligence *in the form of misuse of the defendant's product.* Plaintiff's negligent driving does not constitute a misuse of the defendant's product. Negligent driving is not an available form of contributory negligence in a products liability action against an auto manufacturer. See, infra.

D. *Jury instructions on conventional contributory negligence as a defense under strict tort liability are prejudicially erroneous.*

Liability pursuant to Section 402A was adopted in New Mexico. *Stang v. Hertz Corporation, supra.* The defense of contributory negligence is stated in Section 402A, Comment n, at page 356:

n. *Contributory Negligence.* Since the liability with which this section deals *is not based upon the negligence of the seller,* but is strict liability, the rule applied to strict liability cases (See Section 524) applies. Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. *On the other hand the form of*

*contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section* as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery. [Emphasis added].

Availability of this defense does not conflict with New Mexico's abandonment of assumption of risk as a defense apart from contributory negligence. See *Williamson v. Smith,* 83 N.M. 336, 491 P.2d 1147 (1971).

The court instructed the jury that four factual grounds existed as a defense of contributory negligence. Those grounds do not state that plaintiff voluntarily and unreasonably proceeded to encounter a known danger. Conventional contributory negligence is not a defense when the doctrine of strict liability applies. On the other hand, contributory negligence in the form of assumption of risk *is* available as a defense. This defense asserts that the plaintiff assumed the risk of his injuries or damages by voluntarily and unreasonably proceeding to encounter a known danger. Restatement, Comment n, *supra.* Cases throughout the country have followed Comment n in removing conventional contributory negligence as a defense. *Messick v. General Motors Corporation,* 460 F.2d 485 (5th Cir. 1972); *DeFelice v. Ford Motor Company,* 28 Conn.Sup. 164, 255 A.2d 636 (1969); *Williams v. Ford Motor Company,* 454 S.W.2d 611 (Mo.App.1970); *Devaney v. Sarno,* 125 N.J.Super. 414, 311 A.2d 208 (A.D.1973); *Ford Motor Company v. Henderson,* 500 S.W.2d 709 (Tex. Civ.App.1973); *Hartzell Propeller Company v. Alexander,* 485 S.W.2d 943 (Tex. Civ.App.1972). Annot., Products Liability: Contributory Negligence or Assumption of Risk as Defense Under Defense of Strict Liability in Tort, 46 A.L.R.3d 240

(1972); Annot., Products Liability: Strict Liability in Tort, 13 A.L.R.3d 1057 (1967).

These courts have uniformly held that if the user or consumer discovers the defect and is aware of the dangers and nonetheless proceeds unreasonably to use the product, he is barred from recovery.

Defendant's affirmative defense avoids the defect as the proximate cause of the collision. It does not claim that conventional negligence in the operation of the vehicle caused plaintiff to lose control of his vehicle. It claims that, *in the absence of the defective seat assembly,* the proximate cause of the collision was the negligence of the plaintiff in the operation of his vehicle. This defense would be proper if it claimed that the defect did not cause plaintiff to lose control of his vehicle; that the defect was not the proximate cause of the collision; that the sole proximate cause of the collision was the negligent operation of the vehicle upon the four factual bases set forth in the instructions.

If we adopted defendant's contention, the jury could believe that the defective seat assembly which caused plaintiff to lose control of his vehicle was a proximate cause of the collision and yet deny plaintiff recovery because he failed to keep a proper lookout. This would destroy the doctrine of special products liability under Section 402A.

For a form of instruction on Assumption of Risk-Products Liability adopted in California, see B.A.J.I. 9.02, 1975 Supplemental Service Pamphlet No. 1.

The trial court's instructions to the jury on conventional contributory negligence were prejudicially erroneous.

E. *In the public interest, we set forth the guidelines on defenses to special products liability cases.*

As a guide to quell the confusion which exists, the following breakdown of contributory negligence into four types explains what defenses *are* available, and what defense is *not* available.

(1) Contributory negligence in the form of assumption of risk *is* available as a defense as stated *supra*.

(2) Plaintiff's misuse of the product in a manner *that could not have been reasonably foreseen by the manufacturer is available as a defense.* Plaintiff's misuse, rather than a product defect, becomes the proximate cause of plaintiff's injuries or damages. Thus, defendant can assert plaintiff's misuse to disprove causation. Strictly speaking, this is part of the denial of plaintiff's case, rather than an affirmative defense. *Brown v. General Motors Corp.,* 355 F.2d 814 (4th Cir. 1966); *Swain v. Boeing Airplane Co.,* 337 F.2d 940 (2nd Cir.), cert. denied, 380 U.S. 951, 85 S.Ct. 1083, 13 L.Ed.2d 969 (1964); *Greeno v. Clark Equipment Co.,* 237 F. Supp. 427 (D.Ind.1965); *Erickson v. Sears, Roebuck & Co.,* 240 Cal.App.2d 793, 50 Cal.Rptr. 143 (Ct.App.2nd Dist. 1966).

Automobile accidents or collisions caused by negligent driving are reasonably foreseeable. Therefore, the defense of product misuse cannot be based on facts tending to prove negligent driving by plaintiff that resulted in a collision. *Culpepper v. Volkswagen of America, Inc.,* 33 Cal.App.3d 510, 109 Cal.Rptr. 110 (Ct.App.4th Dist. 1973); *Cronin v. J.B.E. Olson Corp.,* 8 Cal.3d 121, 104 Cal.Rptr. 433, 501 P.2d 1153 (1972); *Thompson v. Package Machinery Company,* 22 Cal.App.3d 188, 99 Cal.Rptr. 281 (Ct.App.2nd Dist. 1971); *Higgins v. Paul Hardeman, Inc.,* 457 S.W. 2d 943 (Ct.App.1970).

The great weight of authority throughout the country holds that product misuse by the plaintiff that was unforeseeable by the defendant-manufacturer constitutes contributory negligence in a Section 402A liability action. *Foreseeable* product misuse is not contributory negligence. Whether a given misuse is foreseeable or unforeseeable is a question of fact for the jury in each case. *General Motors Corporation v. Walden,* 406 F.2d 606 (10th Cir. 1969); *Olsen v. Royal Metals Corp.,* 392 F.2d 116 (5th Cir. 1968); *Helene Curtis Indus., Inc. v. Pruitt,* 385 F.2d 841 (5th Cir. 1967); *Simpson Timber Co. v. Parks,* 369 F.2d 324 (9th Cir. 1966), rev'd in plaintiff's favor, 388 U.S. 459, 87 S.Ct. 2115, 18 L.Ed.2d 1319 (1967), plaintiff ultimately prevailing in 390 F.2d 353 (1968); *Spruill v. Boyle-Midway, Inc.,* 308 F.2d 79 (4th Cir. 1962); *Boyl v. California Chemical Co.,* 221 F.Supp. 669 (D.Or.1963); *Culpepper v. Volkswagen of America, Inc., supra; Cronin v. J.B.E. Olson Corp., supra; Thompson v. Package Machinery Company, supra; Martinez v. Nichols Conveyor & Engineering Co.,* 243 Cal. App.2d 795, 52 Cal.Rptr. 842 (1966); *Phillips v. Ogle Aluminum Furniture, Inc.,* 106 Cal.App.2d 650, 235 P.2d 857 (Cal.App. 1959); *Dunham v. Vaughan & Bushnell Mfg. Co.,* 86 Ill.App.2d 315, 229 N.E.2d 684 (1967); *Higgins v. Paul Hardeman, Inc., supra; Haberly v. Reardon Co.,* 319 S.W. 2d 859 (Mo.1958); *Speyer, Inc. v. Humble Oil & Refining Co.,* 275 F.Supp. 861 (W. D.Pa.1967); *Ringstad v. I. Magnin & Co.,* 39 Wash.2d 923, 239 P.2d 848 (Wash. 1952).

(3) Plaintiff's misuse of the product which causes the defect to be put into operation *is* available as a defense. *Culpepper, supra; Cronin, supra; Thompson, supra; Higgins, supra.*

(4) A manufacturer may *not* rely on the most common form of contributory negligence—plaintiff's negligent failure to discover the defective condition of defendant's product, or to guard against the possibility of its existence. Jurisdictions throughout the country have removed this defense from the manufacturer's arsenal when the plaintiff pleads a special liability theory. Restatement, Torts 2d § 402A, Comment n, at 356; *Messick v. General Motors Corporation, supra; Williams v. Ford Motor Company, supra; Devaney v. Sarno, supra; Ford Motor Company v. Henderson, supra; Hartzell Propeller Company v. Alexander, supra;* Annot., Products Liability, *supra;* Annot., Products Liability: Strict Liability in Tort, *supra.*

Contributory negligence in the form commonly known as assumption of risk, and in the form of plaintiff's misuse of the product which was the proximate cause of his injuries, are the only types of defenses that are available in a products liability action that is founded on Section 402A.