This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37930

**DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for the CERTIFICATEHOLDERS OF THE DOVER MORTGAGE CAPITAL CORPORATION, GRANTOR TRUST CERTIFICATES, SERIES 2005-A,**

Plaintiff-Appellee,

v.

**NORMA LETICIA DURAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Snell & Wilmer L.L.P.
Gregory J. Marshall
Jeanne Y. Sohn
Albuquerque, NM

McCarthy & Holthus, LLP
Joshua Chappell
Albuquerque, NM

for Appellee

Norma Leticia Duran
Las Cruces, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals both a summary judgment entered in this mortgage foreclosure and the subsequent denial of a pending motion to dismiss. [DS PDF 1] This Court issued a notice of proposed summary disposition proposing to affirm. [CN 8] Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** With regard to her challenge to Plaintiff's standing to prosecute this foreclosure action, Defendant asserts that this Court overlooked the wording on an endorsement to the note underlying Plaintiff's suit. [MIO 5] To the contrary, a significant portion of this Court's notice of proposed summary disposition addressed both of the endorsements appearing on the note, as they were described in Defendant's docketing statement. [CN 4-6] With regard to the special endorsement, we note that the endorsee is "Deutsche Bank Trust Company Americas." That is Plaintiff's name. There is no inconsistency with regard to that name. Instead, Defendant is directing our attention to the fact that, in various documents, there are different ways of describing the capacity in which Plaintiff is acting. As our notice explained, however, in all relevant instances, Plaintiff is described "as the trustee for the holders of certain mortgage trust certificates identified as 'Grantor Trust Certificate, Series 2005-A.' " [CN 5] On that basis, we proposed that—based upon everything before this Court at the time of our notice—it appeared that Plaintiff had standing.

**{3}** Rather than dispel that appearance, Defendant's memorandum in opposition to summary affirmance merely reiterates the different ways that Plaintiff's capacity, although not Plaintiff's identity, is described in various documents and pleadings before asserting that "[a]ny discrepancies even if they seem minor can cause legal documents to become invalid." [MIO 7] While it is perhaps true that even minor discrepancies can have outsized effects, Defendant's memorandum does not explain how the discrepancy at issue in this case actually deprived Plaintiff of standing.

**{4}** Plaintiff in this case is a trust company acting in its capacity as a trustee. As a result, it is asserting the rights of the beneficiaries of a trust. The fact that those beneficiaries can be described in multiple ways does not create any doubt about the identity of the trustee. As our notice explained, the differences in the wording describing those beneficiaries did not "create any doubt as to who is being identified in either document." [CN 5] As Defendant's memorandum does not respond to that proposed conclusion, we now conclude that Plaintiff had standing to pursue this foreclosure.

**{5}** Turning to the sole affirmative defense asserted in response to Plaintiff's motion for summary judgment, our notice proposed that the operative complaint, which was filed in August 2015, was not barred by the six-year statute of limitations applicable to actions based upon a promissory note. [CN 8] The proper application of that statute to the installment contract at issue in this suit depends upon the date that Plaintiff exercised its option to accelerate the remaining loan balance. *See Welty v. W. Bank of Las Cruces*, 1987-NMSC-066, ¶ 9, 106 N.M. 126, 740 P.2d 120 (describing the

operation of the statute of limitations with regard to actions based upon installment contracts). Based upon the facts recited in Defendant's docketing statement, this Court proposed that the outstanding balance on the note at issue in this case was accelerated in 2010, when Plaintiff filed a foreclosure complaint that was subsequently dismissed without prejudice. [CN 7-8]

**{6}** In response to that proposal, Defendant's memorandum continues to assert that the loan balance was accelerated two years earlier, at the time of default. [MIO 7-10] In support of that assertion, the memorandum now relies upon the principal and interest calculations contained in both the complaint and the summary judgment. [MIO 8, 9; 1 RP 6; 2 RP 279] Those calculations recite that the outstanding principal on the note is $36,627.70, and that interest is also due at 5.7% per annum from the date of default. [MIO 8] Defendant's memorandum concedes that she made no payments after the initial default. [MIO 9] As a result, it is unclear how or why the amount of the unpaid principal would have changed between the default and the filing of the first complaint to foreclose on the mortgage in 2010. Defendant's memorandum does not offer any basis for us to conclude that the amount should have changed. Similarly, although Defendant's memorandum refers to 5.7% as a "post maturity interest rate" and a "post acceleration interest rate," [MIO 8] she does not suggest how that rate differed in any way from the original interest rate on the note. Although it is not the duty of this Court to search the record "for facts, arguments, and rulings in order to support generalized arguments," *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104, it does appear that the interest rate on the original note was 5.7% per annum. [1 RP 112]

**{7}** Similarly, Defendant also suggests from the fact that the calculated debt includes only $32 in late charges, that the loan must have been converted from an installment contract to a single obligation upon the first instance of default. [MIO 8] Neither Defendant's docketing statement nor memorandum, however, provide us with any facts that would allow us to calculate late charges or otherwise know what is represented by the $32 in late charges contained in the summary judgment.

**{8}** Most significantly, however, Defendant does not assert that a demand for the full payment of the outstanding debt on this note was made at any point prior to the filing of a complaint in 2010. *See Carmichael v. Rice*, 1945-NMSC-018, ¶ 5, 49 N.M. 114, 158 P.2d 290 (holding that an option to accelerate payment of a note requires that "there must be some exercise of the option, some affirmative act showing an intent to elect to accelerate"). Accordingly, Defendant's assertions regarding the principal, interest, and late charges do not meet her burden in opposing our proposed summary disposition "to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a notice of proposed summary disposition).

**{9}** Finally, Defendant asserts that, contrary to our proposed disposition, an issue involving defective notice of her opportunity to cure the default was preserved below. In

her docketing statement, Defendant asserted that she had preserved this issue by way of her proposed findings and conclusions submitted immediately prior to the entry of summary judgment. [DS PDF 10] In her memorandum, Defendant now asserts that she also raised this issue at an earlier hearing. [MIO 11] Defendant did not, however, raise this issue—or any of the facts that would be necessary in order to address this issue—in her written response to Plaintiff's motion for summary judgment. And the issue in question is an affirmative defense. *See Bendorf v. Volkswagenwerk Aktiengeselischaft*, 1975-NMCA-100, ¶ 8, 88 N.M. 355, 540 P.2d 835 (defining an affirmative defense as "that state of facts provable by [a] defendant which will bar [a] plaintiff's recovery once [the] plaintiff's right to recover is otherwise established"). Because the issue at hand is an affirmative defense, Defendant was required to plead it in her answer to the complaint. *See* Rule 1-008(C) NMRA (requiring affirmative defenses be pled in any "pleading to a preceding pleading"). The only affirmative defense raised in Defendant's answer to the complaint, however, is the statute of limitation. [1 RP 74-76] As a result, the defense was waived and is not properly preserved for our review on appeal. *See Skidmore v. Eby*, 1953-NMSC-098, ¶ 11, 57 N.M. 669, 262 P.2d 370 (noting that waived defenses may not be addressed on appeal).

{10}    Ultimately, Defendant's memorandum in opposition does not provide new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy*, 1998-NMCA-036, ¶ 24. Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the summary judgment entered below.

{11}    **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**