SUN VALLEY AIRLINES, INC., and
A. C. Hartley, Manager of State
Insurance Fund, Plaintiffs,

v.

AVCO–LYCOMING CORPORATION, a
corporation, and Beech Aircraft Cor-
poration, a corporation, Defendants.

Rozalys SMITH et al., Plaintiffs
in Intervention,

v.

AVCO–LYCOMING CORPORATION, a
corporation, and Beech Aircraft Cor-
poration, a corporation, Defendants.

Ona Faye CARLTON, Plaintiff,

v.

BEECH AIRCRAFT CORPORATION, a
corporation, and Avco-Lycoming Cor-
poration, a corporation, Defendants.

Ada McCABE, et al., Plaintiffs,

v.

SUN VALLEY AIRLINES, INC., a
corporation, et al., Defendants.

James T. REIDY and John F. Merritt,
et al., Plaintiffs,

v.

BEECH AIRCRAFT CORPORATION, a
corporation, and Avco-Lycoming Cor-
poration, a corporation, Defendants.

Civ. Nos. 1–72–83, 1–72–141,
1–74–25 and 1–74–26.

United States District Court,
D. Idaho.

April 6, 1976.

Philip H. Corboy & Associates, Chicago, Ill., for plaintiff Ada McCabe, et al.

Terrence O'Reilly, of Walkup, Downing & Sterns, San Francisco, Cal., for plaintiff Ona Faye Carlton.

Marshall L. Foreman Jr., and Donald L. Salem, of Luce, Forward, Hamilton & Scripps, San Diego, Cal., for plaintiffs James T. Reidy and John F. Merritt, et al.

Albert R. Abramson and Paul Scarborough, Hoberg, Finger, Brown & Abramson, San Francisco, Cal., for plaintiffs in intervention Rozalys Smith, et al.

R. B. Rock and Donald W. Lojek, Moffatt, Thomas, Barrett & Blanton, Boise, Idaho, for third-party defendants Carlton, Smith and Sun Valley Airlines, Inc. and plaintiff Sun Valley Airlines, Inc.

John T. Hawley and Wayne B. Slaughter, Hawley, Troxell, Ennis & Hawley, Dale Clemons and Randall C. Fredricks, Clemons, Cosho, Humphrey & Samuelsen, Boise, Idaho, for defendant Avco-Lycoming Corp.

Carl P. Burke and Robert M. Tyler, Jr., Elam, Burke, Jeppesen, Evans & Boyd, Boise, Idaho, Kenneth C. Miller, Lord, Bissell & Brook, Chicago, Ill., for defendant Beech Aircraft Corp.

## MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR NEW TRIAL, JUDGMENTS NOTWITHSTANDING THE VERDICT, AND TO AMEND THE JUDGMENTS

J. BLAINE ANDERSON, District Judge.

On February 20, 1972, a Sun Valley Airlines, Inc. regularly-scheduled flight from Hailey, Idaho, to Boise, Idaho, crashed. The president of the airline and pilot, Rolland Smith, the chief mechanic, Otto Carlton, and passengers Harold McCabe, Lynn Reidy and Lisa Merritt, died as a result of the crash.

A number of post-trial motions are before the Court. This trial of these five consolidated wrongful death and property damage cases consumed 62 trial days, 9 days of jury deliberation, testimony of 120 witnesses, either personally or by way of deposition, and the introduction of approximately 1,000 exhibits, including an aircraft engine and engine parts. Very able and competent trial counsel assisted the Court prior to, during, and after trial, with excellent briefs on numerous and often difficult evidentiary and other issues which seemed to arise with unusual regularity. The Court's reasoning behind its rulings is amply reflected in the record and it is unnecessary to restate all of the Court's reasoning in this memorandum. The Court feels compelled, however, because of the "first impression" issues, to express addi-

tional reasoning with regard to arguments attacking the verdict and the judgments. Being fully advised in the premises, the Court hereinafter renders its memorandum decision and order denying all parties' post-trial motions for new trial, judgments notwithstanding the verdict, and to amend the judgments.

■ Plaintiffs Smith and Carlton urge the Court to grant a new trial or in the alternative to grant a judgment notwithstanding the jury verdict. It is argued that the jury failed to find their dece-

dents at fault, despite the fact that the jury found 70% of the cause of the accident was attributable to Rolland Smith and 20% attributable to Otto Carlton.

Saving for the moment the issue of comparative causation, it is clear from a reading of the instructions and the verdict form in its entirety that the jury found fault in terms of negligence and unforeseeable misuse by decedents Smith and Carlton.

The jury was asked to consider in Question No. 14 all the proximate causes of the crash of February 20, 1972.[1] The

1. To assist in a better understanding, the Special Verdict by which these cases were submitted to the jury is set forth, in part, as follows:

**SPECIAL VERDICT**

In this case you will return a special verdict consisting of the following series of questions. Your answers to all of the following questions must be unanimous. Please answer each and every one of the following questions unless otherwise directed on the verdict form.

WE, THE JURY, UNANIMOUSLY ANSWER THE FOLLOWING QUESTIONS:

*GROUP NO. 1.*

*QUESTION NO. 1:*

Did Sun Valley Airlines, Inc., through its employees, misuse the aircraft, #1027C, in a manner unforeseeable to the manufacturers?

ANSWER: Yes.

If your answer is "no", proceed to answer Question No. 4.

*QUESTION NO. 2:*

Was the above-mentioned misuse, if any, of the aircraft by Sun Valley Airlines, Inc., through its employees, a proximate cause of the crash on February 20, 1972?

ANSWER: Yes.

*QUESTION NO. 3:*

Was the above-mentioned misuse, if any, of the aircraft by Sun Valley Airlines, Inc., through its employees, the sole proximate cause of the crash on February 20, 1972?

ANSWER: No.

If you answer "yes", proceed to answer Question 15 and then No. 16. If you answered Question No. 3 "no", proceed to answer Question No. 4 and the following questions.

*QUESTION NO. 4:*

Was the Avco-Lycoming IGSO–540–AIA engine, #L–1640–50, mounted on the left wing of the LD–309 defective because of Avco-Lycoming's design, manufacture or failure to warn?

ANSWER: No.

If you answer "no", proceed to answer Question No. 6.

*QUESTION NO. 5:*

If defective, was the design, manufacture or failure to warn by Avco-Lycoming Corporation regarding Engine L–1640–50 a proximate cause of the crash on February 20, 1972?

ANSWER: ___

*QUESTION NO. 6:*

Was the Beech Queenair, #LD–309, defective because of the Beech Aircraft Corporation's design, manufacture or failure to warn?

ANSWER: Yes.

If you answer "no", proceed to answer Question No. 8.

*QUESTION NO. 7:*

If defective, was the design, manufacture or failure to warn by Beech Aircraft Corporation a proximate cause of the crash on February 20, 1972?

ANSWER: Yes.

*GROUP NO. 2.*

*QUESTION NO. 8:*

Was Avco-Lycoming Corporation negligent with respect to the design, manufacture or failure to warn regarding the IGSO–540–AIA, #L–1640–50 engine?

ANSWER: No.

If you answer "no", proceed to answer Question No. 10.

*QUESTION NO. 9:*

Was the negligence of Avco-Lycoming Corporation, if any, a proximate cause of the crash of LD–309?

ANSWER: ___

*QUESTION NO. 10:*

Was Beech Aircraft Corporation negligent with respect to the design, manufacture or failure to warn regarding the Beech Queenair, #LD–309?

ANSWER: No.

If you answer "no", proceed to answer Question No. 12.

*QUESTION NO. 11:*

Was the negligence of Beech Aircraft Corporation, if any, a proximate cause of the crash of LD–309?

ANSWER: ___

jury compared the causes based on the evidence and concluded that 10% of the cause was attributable to Beech Aircraft Corporation and 90% was attributable to Sun Valley Airlines, Inc. Question No. 14 instructed the jury to assign a percentage to a party, providing they had previously found that such party's blameworthy activity was a proximate cause of the crash. Questions No. 2 and 13 were questions of proximate cause with regard to Sun Valley Airlines, Inc. Question No. 2 states:

"Was the above-mentioned misuse, if any, of the aircraft by Sun Valley Airlines, Inc., *through its employees,* a proximate cause of the crash on February 20, 1972?" (emphasis supplied)

The jury was instructed that before it could answer Question No. 2 it must first have answered "yes" to Question No. 1. Question No. 1 asks:

"Did Sun Valley Airlines, Inc., *through its employees,* misuse the aircraft, #1027C, in a manner unforeseeable to the manufacturers?" (emphasis supplied)

Question No. 15 asked the jury to assign a percentage to Smith and Carlton of the causation previously assigned to Sun Valley Airlines in Question No. 14. Since the jury in its answer to Question No. 15 attributed all of Sun Valley's causation to Smith and Carlton, it is obvious that the jury, in answering No. 1, was referring to the culpability or blameworthiness of Smith and Carlton as the only employees of Sun Valley who were parties to this action and who misused the aircraft. The form of Question No. 15 did not preclude the jury from assessing a causative percentage of misuse of the aircraft to other employees of Sun Valley Airlines who were not parties to this action. They were not required to apportion all of the Airlines' percentage to and between Smith and Carlton. However, because of their own acts and omissions and the duties pertaining to their respective positions of major responsibility with the Airlines, the evidence would clearly support the percentage allocation as between them and as found by the jury. The defendants framed their defense in terms of unforeseeable misuse

*QUESTION NO. 12:*
Was Sun Valley Airlines, Inc., through its employees, negligent in the use, maintenance or operation of LD–309?
ANSWER: Yes.
If you answer "no", proceed to answer Question No. 14.
*QUESTION NO. 13:*
Was the negligence, if any, of Sun Valley Airlines, Inc., through its employees, a proximate cause of the crash of LD–309?
ANSWER: Yes.
*QUESTION NO. 14:*
Considering all the proximate causes of the crash on February 20, 1972, at 100%, what percentage is attributable to the following:

| | | |
|---|---|---|
| (a) Avco-Lycoming Corporation | 0.0% | |
| (b) Beech Aircraft Corporation | 10% | |
| (c) Sun Valley Airlines, Inc. | 90% | |
| | TOTAL | 100% |

As you have noticed, the cause questions on this Verdict Form are Questions No. 2, 5, 7, 9, 11 and 13. If you answer both Questions No. 5 and 9 "no", then you must assign 0% to Avco-Lycoming Corporation. If you answer both Questions No. 7 and 11 "no", then you must assign 0% to Beech Aircraft Corporation. If you answer both Questions No. 2 and

13 "no", then you must assign 0% to Sun Valley Airlines, Inc. You will also note that the total of the percentage must add up to 100%, neither more nor less.
*QUESTION NO. 15:*
If you have assigned any percentage to Sun Valley Airlines, Inc. in Question No. 14, or if you answered No. 3, "yes", you will then allocate what percentage of that causation is attributable to the following:

| | |
|---|---|
| Rolland H. Smith | 70% |
| Otto W. Carlton | 20% |
| | 90% |

You will notice that the total of these percentages, if you have assigned a percentage to each, need not add up to 100% and cannot exceed the total assigned to Sun Valley Airlines, Inc. in Question No. 14. Proceed to answer Question No. 16.
[Question No. 16 relating to damages is omitted]
After you have unanimously agreed to the foregoing answers, have the foreman date and sign this Verdict Form.

| | |
|---|---|
| Jan. 22, 1976 | Richard B. Bulman |
| DATE | SIGNATURE |

and, as can readily be seen, the jury so found. The verdict is not merely a bare conclusion of causation; rather, it reflects a finding of causation premised upon a previous finding of fault, culpability or blameworthiness attributable to Smith and Carlton.

The second issue which the Court addresses is the matter of comparative causation which plaintiffs Smith and Sun Valley Airlines, Inc. claim was applied by this Court in derogation of the law of Idaho.

A concept fundamental in tort law is that in order for liability to lie, there must be a wrongdoer whose actions violate a duty owed to a plaintiff. A violation of a duty owed, whether it be labeled negligence or strict liability, is blameworthy or culpable conduct. With the advent of strict products liability, a heightened standard or duty was imposed upon a manufacturer, such that liability results from a defective product which proximately causes injury, even though the manufacturer was not negligent. However, strict liability is not absolute liability because a manufacturer is not an insurer or guarantor that no one will be injured in using his product. The manufacturer is under a duty to produce a product which is free from unreasonably dangerous conditions. A violation of that duty constitutes blameworthiness or culpability or sense of legal fault.[2]

Together with the heightening of a manufacturer's duty, a modification occurs with regard to a manufacturer's defenses in a strict products liability action. A plaintiff's contributory negligence by that label is not a bar to recovery. Nevertheless, it is well-settled that misuse of a product in a manner unforeseeable to a manufacturer is a defense to strict products liability.[3] The misuse defense embodies a policy that a manufacturer should not absorb the consequences of a plaintiff's misuse of a product in a way which the manufacturer could not reasonably anticipate.

In the case at hand, plaintiffs Carlton, Smith and Sun Valley Airlines misused the aircraft in a manner unforeseeable to the manufacturers. Under strict products liability, such a defense would be an absolute bar to plaintiffs' recovery if pre-comparative negligence principles were applied. Indeed, Beech's motion for judgment notwithstanding the verdict asserts that this is the law of Idaho.[4] A different result follows from

---

**2.** The words "defective" and "unreasonably dangerous" in themselves connote a degree and sense of wrongful conduct, either by way of act or omission, regardless of the tort label one applies to it.

**3.** "In our opinion the better reasoned view is that contributory negligence in the sense of the failure to discover the defect or to guard against its existence is not a defense to strict liability in tort. On the other hand, it is generally agreed that contributory negligence in the sense of misuse of the product, or in the sense of voluntarily and unreasonably proceeding in the face of a known danger are good defenses to strict liability." *Shields v. Morton Chemical Company,* 95 Idaho 674 at 677, 518 P.2d 857 at 860 (1974).

**4.** Beech Aircraft Corporation relies on *Mico Mobile Sales and Leasing, Inc. v. Skyline Corporation,* —— Idaho ——, 546 P.2d 54 (1975), for the proposition that unforeseeable misuse is an absolute defense to strict products liability. In *Mico* unforeseeable misuse was of such causal magnitude that it was a superseding cause as a matter of law. Here, the issue of supersed-

ing cause was submitted to the jury after thorough instruction on the principles of causation and the jury concluded that misuse by Sun Valley Airlines, Inc., through its employees, was not a superseding cause. It is notable, however, that the jury found 90% of the causation attributable to Sun Valley Airlines, Inc., through its employees—just 10% short of a finding of superseding cause.

Of course, the passengers in this case could not be charged with misuse. Misuse, if it had reached the level of superseding cause, would have prevented recovery by the plaintiff passengers against Beech Aircraft Corporation; however, the jury found otherwise.

Plaintiffs in this litigation argued strenuously that misuse is not a defense because misuse is defined as a use of a product for a purpose for which it was not intended. Plaintiffs have relied on the example of using a bottle as a hammer. Contrary to plaintiffs' position, it is the view of this Court that misuse includes use of a product in a manner unforeseeable to a manufacturer. For example, a failure to follow a manufacturer's reasonable warnings or instructions may amount to unforeseeable mis-

application of Idaho's comparative negligence statute for it embodies the fundamental legislative policy of avoiding the harsh effect of contributory negligence as an absolute bar. The rationale of comparative negligence was meant to apply as well in a products liability action, such that misuse may not be an absolute bar to recovery. Applying Idaho's comparative negligence statute in this way is consistent with the policy underlying strict products liability, namely, the spreading of loss to manufacturers who are best able to absorb it. Upon a finding of blameworthy conduct, the jury in this case was asked, consistent with Idaho law, to assign a percentage to the causative conduct of the parties to this lawsuit.[5]

The rationale of Idaho's comparative negligence statute extends to a comparison of all legal causes of the plaintiff's injuries and results in a sensible and fair method of loss allocation. No case has come before the Supreme Court of Idaho raising this issue. However, it is the view of this Court that the Idaho Supreme Court would, if presented with this issue in a products liability case, apply comparative causation. The result

also follows from the wording of Idaho Code § 6–801[6] wherein gross negligence is compared with negligence. Likewise, courts in Idaho, as well as this court, have been comparing negligence per se with ordinary negligence under Idaho Code § 6–801. Strict liability, like negligence per se, is equally capable of causal comparison.[7] The foregoing rationale is supported by case law, as well as by the writings of commentators.[8]

Justice has been achieved by the use of comparative causation in this case. If this Court had not followed Idaho law and not applied comparative causation and had ruled that unforeseeable misuse was an absolute defense, then certain plaintiffs in a products liability suit would not have a right of recovery at the outset, even though a plaintiff may be only 1% the cause of the accident. Such a result would be illogical and doubtlessly unfair. If this Court did not apply comparative causation and had ruled that unforeseeable misuse was not a defense, then a potential result in a products liability case could be that a manufacturer who was 1% the cause of the accident would pay the entire judgment. Foreseeability, as a limit on a

---

use. Improper maintenance of a product to such a degree that it changes the physical characteristics of a product or its safety features may amount to unforeseeable misuse. Undoubtedly, misuse may be so great that a jury could conclude it was a superseding cause, but where the facts do not lead to such a definitive conclusion, then comparative causation supplies a logical and reasonable framework to arrive at a decision.

Here, the jury was thoroughly (and it is believed, correctly) instructed on causation, foreseeable misuse and the necessity for and effect of the manufacturer giving directions and warnings for the proper use and maintenance of the products in question, i. e., engines and airframes. Instructions No. 20, 21, 31, 35 and 36.

5. Once culpability, blameworthiness or some form of fault is determined by the trier of fact to have occurred, then the labels denoting the "quality" of the act or omission, whether it be strict liability, negligence, negligence per se, etc., becomes unimportant. Thus, the underlying issue in each case is to analyze and compare the causal conduct of each party, regardless of its label.

6. Idaho Code 6–801 provides as follows:

"*Comparative negligence—Effect of contributory negligence.*—Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence or gross negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence or gross negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

7. *Dippel v. Sciano,* 37 Wis.2d 443, 155 N.W.2d 55 (1967).

8. *Hagenbuch v. Snap-On Tools Corp.,* 339 F.Supp. 676 (D.N.H.1972); *Powers v. Hunt-Wesson Foods, Inc.,* 64 Wis.2d 532, 219 N.W.2d 393 (1974), *following, Dippel v. Sciano, supra; Ettin v. Ava Truck Leasing, Inc.,* 53 N.J. 463, 251 A.2d 278 (1969) *(dicta)*; Schwartz, *Strict Liability and Comparative Negligence,* 42 Tenn.L.Rev. 171 (1974); Jensvold, *A Modern Approach to Loss Allocation Among Tortfeasors in Products Liability Cases,* 58 Minn.L.Rev. 723 (1974).

manufacturer's duty to anticipate the manner its product is used, becomes a workable legal concept to be applied by a jury within the comprehensible framework of comparative causation.[9] Comparative causation presents rules of law to a jury, which, when the evidence is applied, presents a fair choice and thereby avoids the type of jury equilibration which occurred under contributory negligence. Additionally, comparative causation facilitates application of the law of contribution.

Various post-trial motions attack the verdict on the basis of evidentiary rulings made during trial. The issues raised were thoroughly considered when the rulings were made and the court is satisfied that the rulings were correct.[10]

In accordance with the foregoing, as well as previous rulings by the court on the same issues raised by the post-trial motions,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

Plaintiff, Estate of Otto Willis Carlton's motion for a new trial or in the alternative for judgment in accordance with Rule 59(e), F.R.Civ.P., filed February 26, 1976, is DENIED;

Plaintiff and third-party defendant, Sun Valley Airlines, Inc. and the Estates of Rolland Smith and Otto Carlton's motions for a new trial or in the alternative to amend judgments or for judgment notwithstanding the verdict, filed February 26, 1972, are DENIED;

Plaintiffs Smith's motions to alter or amend judgment filed February 27, 1976, and March 1, 1976, are DENIED;

Defendant Beech Aircraft Corporation's motions for judgment notwithstanding the verdict and to amend the judgment filed February 27, 1976, are DENIED.

---

**9.** In *Howes v. Hansen,* 56 Wis.2d 247, 201 N.W.2d 825 (1972) the Supreme Court of Wisconsin stated that the doctrine of foreseeability has no part in the concept of strict liability in tort. This court is of the view, however, that foreseeability is an important element of strict products liability law and has long been a part of tort jurisprudence in Idaho. *See, e. g., Mico Mobile Sales and Leasing, Inc. v. Skyline Corporation, supra; Robinson v. Williamsen Idaho Equipment Company,* 94 Idaho 819, 498 P.2d 1292 (1972).

**10.** Beech Aircraft Corporation also asserts that judgment should be entered in its favor and against Sun Valley Airlines, Inc., and the Estates of Rolland Smith and Otto Carlton for full indemnity, because these parties failed to answer or otherwise respond to the third-party complaints served by Beech, and therefore such failure to respond is an admission of the claims asserted by Beech's third-party complaints. Beech's position, however, fails to consider page 8 of the pre-trial order which states in relevant part:

"Inasmuch as the pleadings in these consolidated actions are quite complex and contain numerous complaints, answers, cross-claims, third-party claims and counterclaims and, further, inasmuch as the parties hereto have fully stated their contentions of law and fact as incorporated within this pre-trial order, the Court does hereby order that all complaints are properly filed and all claims, third-party complaints, . . . are deemed denied in all respects . . . ."