592 P.2d 175

Barbara J. RUDISAILE, Personal Representative, Surviving Spouse and Executrix of the Estate of Stanley E. Rudisaile, Deceased, Petitioner,

v.

HAWK AVIATION, INC., a New Mexico Corporation, Respondent.

No. 12214.

Supreme Court of New Mexico.

Feb. 14, 1979.

Rehearing Denied March 14, 1979.

Palmer & Frost, Reed L. Frost, John E. Schindler, Farmington, Byrd, Davis & Eisenberg, Tom H. Davis, George M. Fleming, Austin, Tex., for petitioner.

Tansey, Rosebrough, Roberts & Gerding, Byron Caton, Farmington, for respondent.

## OPINION

McMANUS, Senior Justice.

Barbara J. Rudisaile brought a wrongful death action against Hawk Aviation, Inc., for the death of her husband. The trial court sitting without a jury found for plaintiff and awarded $235,000.00 in damages.

Defendant appealed and the Court of Appeals reversed. We granted plaintiff's petition for a writ of certiorari and now reverse the Court of Appeals.

This action arose from an airplane accident which occurred on September 30, 1974 near Farmington, New Mexico. Defendant owned and operated a FAA certified field operation at the Farmington Municipal Airport. Plaintiff's decedent, Dr. Rudisaile, was a qualified pilot and the sole occupant of a Piper Cherokee 140 E which he rented from defendant.

On September 30, 1974 Alan Hawkinson, defendant's acting flight instructor, flew the Cherokee 140 E on three separate flights. After the third flight Hawkinson delivered the aircraft to Mr. Maxwell, one of defendant's employees, for a scheduled oil and oil filter change. Maxwell drained the oil and replaced the oil filter, but he failed to replenish the oil. Maxwell did, however, make an entry into the aircraft engine log book that the oil filter and oil had been changed. Dr. Rudisaile arrived at the office of defendant, conversed with Hawkinson, and proceeded to the aircraft. Dr. Rudisaile took the log book from Maxwell, climbed into the aircraft, started the engine, and taxied to the runway. The doctor did not make the customary pre-flight check of the aircraft prior to take-off. He left the Farmington Airport at about 3:36 p. m. and crashed a few minutes later.

The trial court determined that defendant, as lessor of an airplane which was in a defective condition unreasonably dangerous to Dr. Rudisaile, was strictly liable in tort for Dr. Rudisaile's death. The Court of Appeals reversed, holding that the doctrine of strict liability did not apply to this case because the airplane was not "defective".

The issues before this Court are: (1) whether an airplane rented without oil is "defective" within the meaning of Restatement (Second) of Torts § 402A (1965), and (2) whether decedent's failure to make a pre-flight check constitutes an affirmative defense to the tort of strict products liability.

New Mexico accepted the doctrine of strict products liability by adopting § 402A in *Stang v. Hertz Corporation,* 83 N.M. 730, 497 P.2d 732 (1972). *See also Bendorf v. Volkswagenwerk Aktiengeselischaft,* 88 N.M. 355, 540 P.2d 835 (Ct.App.1975), *cert. denied,* 88 N.M. 319, 540 P.2d 249 (1975). Section 402A of the Restatement reads as follows:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

The doctrine of strict liability was evolved to promote product safety by placing liability on the party primarily responsible for the injury occurring. *Stang, supra.* The imposition of § 402A liability " 'has a beneficial effect on manufacturers of defective products both in the care they take and in the warning they give.' (Citation omitted.)" *First Nat. Bk., Albuquerque v. Nor-Am Agr. Prod., Inc.,* 88 N.M. 74, 87, 537 P.2d 682, 695 (Ct.App.1975), *cert. denied,* 88 N.M. 29, 536 P.2d 1085 (1975).

Section 402A was extended to lessors in *Stang v. Hertz Corporation, supra.* In *Stang,* Hertz Corporation was held strictly liable for deaths resulting from a tire blow out. The tire, mounted with previous impact damage, was deemed to be unreasonably dangerous. This Court stated:

So long as the bailor is in the business of leasing then he will be held to the same standard of care as a manufacturer or retailer for the protection of the consumer.

*Id.,* 83 N.M. at 734, 497 P.2d at 736.

The Court of Appeals, in holding that the doctrine of strict liability did not apply to this case, reasoned that the airplane was not "defective" because "the airplane rented to the decedent had no hidden or latent defects which could not be discovered by

the exercise of reasonable care." *Rudisaile v. Hawk Aviation,* No. 3096 (N.M.Ct.App., filed Sept. 5, 1978). We disagree with this rationale. In our opinion, the Court of Appeals has substantially changed the meaning of "defect" as defined by § 402A and existing case law.

Definitional concepts of "defective condition unreasonably dangerous" are set out in § 402A Comments (*g*) and (*i*). Comment (*g*) entitled *"Defective condition"* states:

> The rule stated in this Section applies only where the product is, at the time it leaves the seller's hands, *in a condition not contemplated by the ultimate consumer, which will be unreasonably dangerous to him.* (Emphasis added.)

Comment (*i*) entitled *"Unreasonably dangerous"* states:

> *The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it,* with the ordinary knowledge common to the community as to its characteristics. (Emphasis added.)

Courts have generally equated "defective" with "unreasonably dangerous". *See Casrell v. Altec Industries, Inc.,* 335 So.2d 128 (Ala.1976); *Seattle-First National Bank v. Tabert,* 86 Wash.2d 145, 542 P.2d 774 (1975); *Lamon v. McDonnell Douglas Corp.,* 19 Wash.App. 515, 576 P.2d 426 (1978). The Washington Supreme Court stated the following rule in *Seattle-First National Bank:*

> If a product is unreasonably dangerous, it is necessarily defective. The plaintiff may, but should not be required to prove defectiveness as a separate matter.
>
> .   .   .   .   .
>
> [L]iability is imposed under section 402A if a product is not reasonably safe.

542 P.2d at 779. The Supreme Court of Alabama stated in *Casrell:*

> [A] "defect" is that which renders a product "unreasonably dangerous," i. e., not fit for its intended purpose, and  .   .   . all "defective" products are covered.  .   .
>
> The product either is or is not "unreasonably dangerous" to a person who

should be expected to use or to be exposed to it.   .   .   . The important factor is whether it is safe or dangerous when the product is used as it was intended to be used.

335 So.2d at 133.

As these cases indicate, to prove liability under § 402A the plaintiff need only show that the product was dangerous beyond the expectations of the ordinary consumer. The reasonableness of the acts or omissions of the plaintiff is never considered in determining whether a product is "defective." It is the opinion of this Court that an airplane leased without oil in the engine is dangerous beyond the expectations of the ordinary consumer. Therefore, the product is "defective" within the meaning of § 402A, and defendant is strictly liable for all resulting damages.

The next issue we address is whether decedent's own conduct should be a defense to strict tort liability. At trial, defendant requested the court to find that "decedent   .   .   . by the exercise of reasonable care, should have known that the aircraft did not have oil   .   .   ., and such act or omission was a proximate cause." Defendant's argument stems from the fact that decedent failed to pre-flight his aircraft. Defendant is seeking to establish conventional contributory negligence as a defense to strict liability. We refuse to accept this argument.

Conventional contributory negligence is not an affirmative defense to strict liability. *Bendorf, supra. See also Jasper v. Skyhook Corporation,* 89 N.M. 98, 547 P.2d 1140 (Ct.App.1976), *rev'd on other grounds, Skyhook Corp. v. Jasper,* 90 N.M. 143, 560 P.2d 934 (1977). "[C]ontributory negligence, as a defense to strict liability in tort, should be limited to those cases where the plaintiff *voluntarily and unreasonably encounters a known risk.* (Footnote omitted.)" (Emphasis added.) *Bachner v. Pearson,* 479 P.2d 319, 329–30 (Alaska 1970). The existence of due care on the part of the consumer is irrelevant. *Berkebile v. Brantly Helicopter Corporation,* 462 Pa. 83, 337 A.2d 893 (1975).

In this case, the record indicates that Dr. Rudisaile was not aware that the airplane had no oil in the engine before he took off. His failure to discover the absence of oil is not a defense to strict liability.

For the foregoing reasons, we reverse the Court of Appeals and affirm the decision and judgment of the trial court.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY and FEDERICI, JJ., concur.

PAYNE, J., respectfully dissenting.