Jean JINES, Danny R. Jines, American
Life Insurance Company,
Defendants-Appellants,

v.

Robert L. ROBERTS, Plaintiff-Appellee.

No. 1-1081A308.

Court of Appeals of Indiana,
First District.

March 29, 1982.

David J. Bodle, Evansville, for defendants-appellants; Bamberger, Foreman, Oswald & Hahn, Evansville, of counsel.

RATLIFF, Presiding Judge, dissenting.

The majority opinion in this case reverses a small claims court's judgment in an automobile negligence case where the trial court awarded damages to the plaintiff based on a comparative fault theory. The court found that the plaintiff was forty percent at fault, that the defendant was sixty percent at fault, that the total amount of the plaintiff's damages was three hundred ninety dollars, and that the plaintiff was entitled to recover sixty percent of his damages, or two hundred thirty-four dollars, together with court costs from the defendant. The defendant appeals this judgment

as contrary to law; the plaintiff filed no brief. The majority of this court agreed with the defendant and reversed the trial court's judgment.

Although I agree that the majority is correct in asserting that the law in Indiana currently does not recognize degrees of fault in apportioning damages, I must dissent from the majority opinion because I feel that the time has come to put the outmoded concept of contributory negligence to rest. Clearly Indiana stands in a minority position today when at least thirty-six other jurisdictions have adopted, either by statute or by judicial decree, the doctrine of comparative fault. *See Alvis v. Ribar*, (1981) 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886. *See also, Scott v. Rizzo*, (1981) 96 N.M. 682, 634 P.2d 1234; *Placek v. City of Sterling Heights*, (1979) 405 Mich. 638, 275 N.W.2d 511; *Kaatz v. State*, (1975) Alaska, 540 P.2d 1037; *Li v. Yellow Cab Co.*, (1975) 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226; *Hoffman v. Jones*, (1973) Fla., 280 So.2d 431. I do not subscribe to a legal theory simply because it appears to be the fashionable thing to do, but I do adhere to the belief that courts have a responsibility to change a common law rule "where strict adherence to such rule creates harsh and unjust results." *Campbell v. Eli Lilly & Co.*, (1980) Ind.App., 413 N.E.2d 1054, 1066, (Ratliff, J., dissenting), *trans. denied.* I share the views of the courts in the jurisdictions listed above that contributory negligence is an anachronistic, harsh, and unjust legal concept. Perhaps the New Mexico court summed it up best when it stated:

"The demise of contributory negligence as a defense can be justified from several points of view. The predominant argument for its abandonment rests, of course, upon the undeniable inequity and injustice in casting an entire loss upon a plaintiff whose negligence combined with another's negligence in causing the loss suffered, no matter how trifling plaintiff's negligence might be. Liability based on fault is the cornerstone of tort law, and a system such as contributory negligence which permits one of the con-

tributing wrongdoers to avoid all liability simply does not serve any principle of fault liability."

634 P.2d at 1241.

Perpetuation of the fundamentally inequitable "all or nothing" method of apportioning damages erodes respect for and obedience to our system of justice. It is well known that juries frequently disregard instructions on contributory negligence in an attempt to ameliorate the harshness and injustice of the rule. *Scott v. Rizzo, supra; Alvis v. Ribar, supra; Hoffman v. Jones, supra.* If honesty and integrity are the foundation of our legal system, then it behooves us to pay more than lip service to such values and to assure them their rightful place in our jurisprudence.

" '[T]here is something basically wrong with a rule of law that is so contrary to the settled convictions of the lay community that laymen will almost always refuse to enforce it, even when solemnly told to do so by a judge whose instructions they have sworn to follow.

. . . . .

" '[The [sic] disrespect for law engendered by putting our citizens in a position in which they feel it is necessary to deliberately violate the law is not something to be lightly brushed aside; and it comes ill from the mouths of lawyers, who as officers of the courts have sworn to uphold the law, to defend the present system by arguing that it works because jurors can be trusted to disregard that very law.' 11 U.Fla.L.Rev. 135, pp. 151–152 (1958)."

*Hoffman v. Jones,* 280 So.2d at 437.

Twenty-nine of the thirty-six states which have adopted comparative fault have done so in the last twelve years. *Alvis v. Ribar, supra.* The time for Indiana to do likewise is now, and I would affirm the trial court's decision in this case.